## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND, INDIANA

**KELLY A. RYAN**
4267 Park Place                                                   **CASE NO.**
Crown Point, Indiana 46307

          **Plaintiff,**

   -vs-

**LAKE COUNTY SHERIFF DEPARTMENT**
2293 North Main Street
Crown Point, Indiana 46307

**LAKE COUNTY BOARD OF COMMISSIONERS**
2293 North Main Street
Crown Point, Indiana 46307

**OSCAR MARTINEZ, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**SCOTT MUSGROVE, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**VINCE BALBO, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**BRIAN MARSH, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**EMILIANO PEREZ, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**LESSIE SMITH, Individually**
2293 North Main Street
Crown Point, Indiana 46307

And

**VARIOUS ABC AGENCIES and**
**VARIOUS CORPORATIONS**

And

**VARIOUS JOHN DOES and JANE DOES**

        **Defendants**.

---

### VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

    Plaintiff, by her attorney, F. Harrison Green, of the Green Law Firm LPA, complaining of the Defendants, alleges upon information and belief as follows:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action to secure protection of and redress deprivation of rights, privileges, immunities secured by the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988, providing for the protection of all persons and their civil rights and Indiana Code 22-9.1 et seq. based upon defendant Lake County Sheriff Department discriminatory treatment of plaintiff because of her sex, education, national origin and age creating a hostile work environment.

### JURISDICTION AND VENUE

    2.    This action is sought by Plaintiff who is a citizen of the State of Indiana against Defendants doing business in the State of Indiana.

    3.    This action arises under the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First

Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. and the principle of pendent jurisdiction.

4. This action also includes state law violations of infliction of emotional distress and negligent infliction of emotional distress.

5. This matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6. Venue is proper in the district pursuant to 28 USC §1391(b), because during relevant times, Defendants were presiding or had agents or transacted their illegal conduct in this district. Venue is also appropriate in this district because this is the judicial district in which the claims arose.

7. The acts constitute a violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Northern District of Indiana.

## **PARTIES**

8. During all times mentioned in this Complaint, Plaintiff Kelly Ryan was, and is, an individual adult citizen of the United States residing at 4267 Park Place, Crown Point, Indiana. At the time of the events described herein, Defendant Lake County Sheriff Department employed Plaintiff in Lake County, Indiana.

9. During all times mentioned in this Complaint, Defendant Lake County Sheriff Department (hereinafter referred to as "Sheriff"), is being sued in its organizational capacity as being responsible for violating the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff. Defendant Lake County Sheriff Department has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

10. During all times mentioned in this Complaint, Defendant Lake County Board of Commissioners (hereinafter referred to as "Commissioners"), is being sued in its organizational capacity as being responsible for violating the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff. Defendant Lake County Sheriff Department has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

11. During all times mentioned in this Complaint, the Defendant Oscar Martinez, Sheriff of Lake County, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Oscar Martinez, Sheriff of Lake County, Indiana has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

12. During all times mentioned in this Complaint, the Defendant Scott Musgrove of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

13. During all times mentioned in this Complaint, the Defendant Vince Balbo of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

14. During all times mentioned in this Complaint, the Defendant Brian Marsh of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Brian Marsh has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

15. During all times mentioned in this Complaint, the Defendant Emiliano Perez of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Emiliano Perez has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

16. During all times mentioned in this Complaint, the Defendant Vince Balbo of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

17. During all times mentioned in this Complaint, the Defendant Lessee Smith of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Lessee Smith has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

18. During all times mentioned in this Complaint, the Defendant Various Agencies, Various Corporations and Various John Does and Jane Does of Lake County, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

## ADMINISTRATIVE COMPLIANCE

19  On or about September 1, 2022, Plaintiff Kelly A. Ryan filed charges of Discrimination against Oscar Martinez, Sheriff of Lake County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC). Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference.

20. On or about November 1, 2022, Plaintiff Kelly A. Ryan received a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

21. On July 7, 2022. Plaintiff Kelly A. Ryan issued a Tort Claim Notice to the Lake County Sheriff Department and the Lake County Board of Commissioners in compliance with Ind. Code §34-13-3, et seq.

## STATEMENT OF FACTS AS TO PLAINTIFF KELLY A. RYAN

22. Plaintiff Kelly Ann Ryan was hired by the Lake County Sheriff Department ("LCSD") on January 17, 2017. Ryan served as clerical and computer assistant in the area of Physical Security Department.

23  Ryan was trained to perform duties with the Hirsh Identiv Hardware and the Velocity Software beginning in November 2019, which served as prerequisite for a course on SNIB3.

24. This training created the ability for Ryan to use the Identiv Product Line for her employment at the Lake County Sheriff Department. Additional training was required of Ryan including Velocity Installation, Velocity Administrator, Velocity Operator and Velocity Re-Certification.

25. During the course of Ryan's employment her workspace location was moved several times.

26. During these moves Ryan was responsible for moving and installing computer equipment for her superiors and other employees of the Physical Security Department and the sharing of space with other departments including the Lake County Sheriff Department Civil Office.

27. One of the moves was to the Lake County Commissioners Office, specifically Room A-119.

28. At that time, Ryan was issued a key to Room A-119 by the Lake County Building Supervisor, which Ryan had to sign a receipt as of receiving the key.

29 Beginning during the fall of 2020 there was a communication breakdown with Ryan's supervisor Scott Musgrove to which she complained to Deputy Commander Brian Marsh.

30. Musgrove began to complain about Ryan's performance as to her position when he suggested that she was responsible for the failure of the Garage Door not being properly scheduled.

31. It was subsequently determined that the problem was door frames were warped.

32. Another incident involved the doors on the third floor of the jail's medical unit at 3D and 3 SD which not locked; it was subsequently found that wires had been cut, but with no follow-up.

33. On March 25, 2021, Musgrove complained to Ryan that he did not understand what duties she was performing in her job. Musgrove surmised that Ryan work consisted of making identification tags and watching a computer. Ryan subsequently supplied a copy of her job description to Musgrove.

34. Communications continued to worsen with Scott Musgrove as he failed to respond to requests by Ryan that related to operations at the Sheriff Department building particularly with fire doors.

35. Ryan had worked additional time beyond her daily hours, for which she was not compensated by time off or pay.

36. In August 2021, Ryan was asked to handle a special project "Project Life Saver Program". Ryan prepared for training and did attend training sessions.

37. Ryan became a certified trainer and operator for the program on behalf of the department.

38. Ryan applied for grants for the LCSD.

39. When Ryan advised Musgrove of receiving the grant she was ordered to his office where he cussed her and stated that he was her supervisor that she was never to go to the front office for anything.

40. At this office meeting was overheard as Musgrove was loud and animated.

41. Ryan was extremely distressed by his conduct that caused her to be in fear, humiliated and embarrassed in the presence of others.

42. During late 2021 there were issues relating to the year 2022 vacation time for Ryan; she provided a schedule for her vacation time that requested time from 2021 for a week to be held over into 2022. This was initially approved by Commander Gruska, but subsequently contested by Musgrove and a dispute ensued relating to compensation time.

43. On March 4, 2022, Ryan was called to Brian Marsh's office that a decision had been made to transfer her to Crown Point Civil Office.

44. During the course of the transfer, Ryan returned the key that she had been given from the County Commission building personnel back to the said personnel; she was criticized by Musgrove for not returning her key to the Sheriff Department.

45. Subsequently Ryan was advised without prior notice that she had received a disciplinary write-up that was dated March 23, 2022.

46. Said disciplinary report was not copied to Ryan nor did it conform to the disciplinary procedures for department employees on March 24, 2022.

47. The disciplinary write-up purports to have been read by Ryan, but not signed.

48. There is subsequent writing that document which indicates a refusal to sign by Ryan but includes a signature with notation on March 24, 2022.

49. During the course of the transfer, Ryan's desk top computer was at the Physical Security Department was ultimately cleaned and updated by Andriana Martinez and Lee Harter from IT.

50. On May 13, 2022, Ryan was instructed to meet with Doug McClusky of Internal Affairs.

51. At that time Ryan was advised that there were two (2) disciplinary reports which included the report of the office key not being received by Officer Remius.

52. Ryan reported to McClusky that she had followed the protocol established when she originally signed for the key through the Lake County Commissioners.

53. Ryan was accused of scrubbing or removing/deleting NCIC files; which Ryan denied doing these acts, advising that all files are in the Sheriff's Office Z Drive named "Physical Security".

54. On May 27, 2022, Kelly Ryan was given a hand delivered letter from Sheriff Oscar Martinez which was "Notice of Dismissal" for "Abuse of IDACS Terminal/Computer #LKs00017 and "failure to comply with direct orders from supervisory personnel".

55. Said discharge was not in compliance with departmental procedures for discipline.

### FIRST CAUSE OF ACTION

(Title VII and §1982(a) Sex Discrimination)

56. Plaintiff Ryan re-alleges paragraphs one through fifty-four as if fully re-written herein.

57. Plaintiff Ryan is a female. Plaintiff Ryan had all the necessary physical and mental capabilities to be successfully perform her position.

58. During the relevant time periods, plaintiff did make serious efforts to perform her position as a Director Physical Security but was systematically denied her position when her superiors suggested that she had violated department procedures including destroying computer system files.

59. Defendant Lake County's sexually discriminatory conduct was based upon the fact that Plaintiff Ryan is a female and constituted unlawful sex discrimination.

60. Defendant Lake County did nothing to remedy the complaint of a hostile work environment by reason of the conduct exhibited towards plaintiff.

61. Defendant Lake County's sexual discrimination has deprived Plaintiff Ryan of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5 and U.S.C. §1981(a).

62.     At all times material herein, Defendant Lake County has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

63.     As a proximate result of Defendant Lake County's sexual discrimination, Plaintiff Ryan has been and is now being deprived of income in the form of wages and other fringe benefits, including pension rights, for which defendants are liable, in an amount to be proven at trial.

64.     As a further and proximate result of Defendant Lake County's sexual discrimination, Plaintiff Ryan has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which defendants are liable.

## SECOND CAUSE OF ACTION
(Retaliation)

65.     Plaintiff hereby incorporate by reference all of the allegations and averments set forth in said Complaint as if fully rewritten herein.

66.     The conduct of Defendants Lake County and Martinez, Musgrove, Balbo, Marsh, Perez, Smith and others in the discouragement and termination of Plaintiff from her position as Director of Physical Security was in retaliation for Plaintiff's prior complaints concerning misrepresentations of the work performance and safety procedures within the department which had been successful and part of the course of practice and custom of the department. Said retaliation by Defendants was done for the purpose of causing damage to Plaintiff through the loss of her position and damages to her property and persons.

## THIRD CAUSE OF ACTION
(Slander)

67.     Plaintiff re-alleges the allegations contained in paragraphs one through sixty-five as is fully re-written herein.

68.     Since March 2022 and subsequently thereafter Defendant's management personnel in the presence and hearing of third persons spoke words calling Plaintiff's failure to perform her

11

work timely, poor performance, being responsible for failing to follow policies established by Defendants.

69. Said words spoken by the Defendants concerning Plaintiff were false and defamatory, have brought Plaintiff into ridicule and have injuriously affected her business and in her person.

70. Said words were spoken with malice and were intended to injure Plaintiff.

71. As a result of said slander, Plaintiff has suffered great mental anguish and suffered injury in her personal reputation and her business reputation.

## FOURTH CAUSE OF ACTION

(Slander per quod)

72. Plaintiff restates the allegations contained in paragraphs one through seventy as if fully written herein.

73. Since March 2022 and subsequently thereafter Defendant's representatives in the presence and hearing of third persons spoke words calling Plaintiff's failure to perform her work timely, poor performance, being responsible for failing to follow policies established by Defendants.

74 Said words spoken by the Defendants concerning Plaintiff were false and defamatory, has brought Plaintiff into ridicule and has injuriously affected her business.

75. Said words were spoken with malice and were intended to injure Plaintiff.

76. As a result of said slander, Plaintiff has suffered great mental anguish and has suffered injury in her personal reputation and her business reputation.

## FIFTH CAUSE OF ACTION

(Negligent infliction of emotional distress)

77. Plaintiff reasserts the allegations in paragraph one through seventy-five as if fully rewritten herein.

78. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

79. During March 2022 and subsequently, Defendants, acting under their authority, made the above statements recklessly about Plaintiff.

80. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

81. The conduct of the Defendants was extreme and outrageous.

82. The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

## SIXTH CAUSE OF ACTION

(Intentional infliction of emotional distress)

83. Plaintiff reasserts the allegations in paragraph one through eighty-one as if fully rewritten herein.

84. The acts of Defendant Lake County were extreme and outrageous, and Defendants acted recklessly or with the intent of causing the Plaintiff severe emotional distress.

85. The Plaintiff incurred severe emotional distress as a result of Defendants' conduct.

86. The Defendants are liable for the acts of its employees under the doctrine of respondeat superior.

## SEVENTH CAUSE OF ACTION

(Libel)

87. Plaintiff reasserts the allegations in paragraph one through eighty-five as if fully rewritten herein.

88. Defendant's management were and are the sole authors and generally have a proprietary interest in the writings above, which are used within Defendant's organizational structures to deny Plaintiff continuing employment and unemployment compensation.

89. On or about May 2022, Defendants published the above-described statements. Said published statements of Plaintiff's failure to perform her work timely, poor performance, not being a team player and failing to follow policies established by Defendants.

90. Said published statements are false and defamatory, were published with malice, and were intended to injure Plaintiff's reputation and property.

91. As a direct and proximate result of said libelous publication, Plaintiff has suffered great mental anguish and has suffered injury to her personal reputation and in her property.

92. Further, as a result of said libelous publication; prospective employers did not employ Plaintiff.

93. Since the date of said publication, Plaintiff has been unable to obtain adequate employment elsewhere and has otherwise been injured.

## EIGHTH CAUSE OF ACTION

(Wrongful Discharge)

94. Paragraphs one through ninety-two are incorporated herein as if restated fully and in their entirety.

95. Under certain situations, discharging an employee under false pretense is in violation of public policy in the State of Indiana.

96. Dismissing an employee in a similar situation as the Plaintiff would jeopardize public policy.

97. The termination of Plaintiff's employment was a result of Defendant not wanting to employ an individual who would be provided a salary as promised.

98. The Defendant lacked legitimate reasons for discharging Plaintiff's employment, the Plaintiff was able to perform all elements of her position that are peculiar to her position.

99. Plaintiff hereby realleges each allegation contained in paragraphs one through ninety-seven as if fully rewritten herein.

## NINTH CAUSE OF ACTION

(Violation of First Amendment)

100. By developing and implementing unlawful employment policies and practices designed to detour Plaintiff Ryan from further speaking and complaining about her working conditions to the public and in public forums, Defendant violated and continues to violate Plaintiff's First Amendment rights.

101 .By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

(Age Discrimination - Violation of State and Federal Acts)

102. Plaintiff re-alleges the allegations contained in paragraphs one through one hundred of this Complaint as if re-written herein.

103. Plaintiff Ryan is fifty-three years old and worked with Defendant Lake County for five years as Director of Physical Security. Plaintiff Ryan was discharged from her position and replaced by an employee believed to be less than forty years old.

104. Defendants through their acts intended to discharge Plaintiff Ryan to replace her with a younger employee.

WHEREFORE, Plaintiff hereby respectfully demands the following relief:

a) An award, jointly and severally in excess of the trial court's minimum jurisdictional amount for each and every cause of action, against each of the Defendants, of the Plaintiffs' damages on the First, Second, Third, Fourth, Fifth, Sixth, Seven, Eighth. Ninth and Tenth causes of action herein, along with interest and costs thereon.

b) An award, jointly and severally, against defendants of punitive and exemplary damages of $500,000.

c) Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,
THE GREEN LAW FIRM L.P.A.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Kelly A. Ryan
Indiana Supreme Court Reg. 22154-18
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241
(513) 769-0840
FAX (513) 563-2953
fhgreen@thegreenlawfirm.org

## JURY DEMAND

It is hereby demanded by Plaintiff Kelly Ryan that this matter be tried before a jury of her peers.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Kelly A. Ryan