UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY A. RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-377 |
| | ) |
| LAKE COUNTY SHERIFF DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss [DE 30] filed by the defendant, Oscar Martinez, Sheriff of Lake County, Indiana, on June 7, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

On December 7, 2022, the plaintiff, Kelly A. Ryan, filed a complaint against Sheriff Oscar Martinez (Martinez), the Lake County Sheriff's Department, the Lake County Board of Commissioners, ABC agencies, various corporations, and John Does and Jane Does, alleging violations under the Civil Rights Act of 1871, Title VII, *inter alia*, as well as several violations of Indiana law. [DE 1]. The suit arises from the plaintiff's discharge as a clerical and computer assistant with the Lake County Sheriff's Department in May 2022. [DE 1].

On June 7, 2023, Martinez filed the instant motion to dismiss for failure to state a claim. [DE 30]. Martinez seeks dismissal from this action arguing the claims raised against him are merely duplicative of those alleged against the Lake County Sheriff's Department, as a defendant. The plaintiff did not respond to the motion and the time to do so has passed. On July 17, 2023, the parties, except for the unknown defendants, consented to the undersigned

magistrate judge. [DE 36]. On August 16, 2023, the court severed the unknown defendants (ABC agencies, various corporations, and John and Jane Does) from this action. [DE 37].

## *Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard in **Federal Rule of Civil Procedure 8(a)(2)** which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it still demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)); *Cincinnati Life Insurance*, 722 F.3d at 946 ("The primary purpose of [Fed. R. Civ. P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims")(quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011); **United States ex rel. Berkowitz v. Automation Aids, Inc.**, 896 F.3d 834, 839 (7th Cir. 2018). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Automation Aids, Inc.*, 896 F.3d 834, 839 (internal citations omitted). Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see also* **Brown v. JP Morgan Chase Bank**, No. 08-1890, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine whether they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 129 S. Ct. at 1949-50; **Bonte v. U.S. Bank, N.A.**, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. **Murphy v. Walker**, 51 F.3d 714, 717 (7th Cir. 1995); **Maxie v. Wal-Mart Store**, No. 3:09-cv-260, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009); **Banks v. Montgomery**, No. 3:09-cv-23, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009).

Lawsuits against an individual in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." **Kentucky v.**

*Graham*, 473 U.S. 159, 165 (1985). "[A] suit against a[n] ... official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office." ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); *see also* ***Wilson v. Civ. Town of Clayton, Ind.***, 839 F.2d 375, 381–82 (7th Cir. 1988) ("An official capacity suit is not a suit against the official as an individual; the real party in interest is the entity."). Thus, a plaintiff seeking damages in an official-capacity suit can look only to the entity itself, not to the official. *Graham*, 473 U.S. at 165.

Here, Martinez argues that the court should dismiss all claims against him because the real party of interest is the Lake County Sheriff's Department and the official capacity claims against him are merely duplicative. The court agrees. The plaintiff alleged the same causes of action against Lake County Sheriff's Department and Martinez in his official capacity as Lake County Sheriff. According to the plaintiff's complaint, she alleges both defendants violated the "Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff." [DE 1, ¶¶ 9, 11]. Thus, the suit against Martinez in his official capacity is in reality a suit against the Lake County Sheriff's Department, who is already a named defendant here.

Based on the foregoing reasons, the Motion to Dismiss [DE 30] is **GRANTED.** Martinez in his official capacity is **DISMISSED** from this action.

ENTERED this 16th day of August 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge